IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>DAVID KENNER,<br><br>             **Defendant.** | Case Number: 23-mc-32 (APM) |

### DAVID KENNER'S MEMORANDUM IN SUPPORT OF THE AGREED-UPON SENTENCE

David Kenner, by and through counsel, hereby submits this brief memorandum in support of a sentence of unsupervised probation as set forth in the plea agreement between the parties.

Mr. Kenner is a well-respected criminal defense attorney who, at 82 years old, has been practicing for 56 years. He is now in the process of retiring from the practice of law.

Mr. Kenner accepts responsibility for allowing the reporters to have access to the materials which were subject to the Court's protective order. He did not set out to violate the protective order. Indeed, as set forth in the Statement of Offense submitted with the plea agreement, Mr. Kenner thought that the reporters, who had been investigating the underlying circumstances leading to the charges against Mr. Michel for years, could provide invaluable assistance as part of the defense team. *See* Statement of Offense, ¶ 6. Initially, the reporters agreed to that arrangement and signed the protective order, but later changed their minds and literally ripped up the protective order that they had signed. *Id.*, ¶ 8. Mr. Kenner acknowledges that he was reckless in not ensuring that the reporters' access to the discovery materials was terminated after the reporters indicated their intention not to abide by the protective order's terms. *Id.*, ¶¶ 9, 16.

Under 18 U.S.C. § 3553(a), the sentence of unsupervised probation is more than sufficient to comply with the purposes of sentencing. In many cases, where an attorney handling a matter violates a court order, the presiding judge will refer that attorney to the District Court's Grievance Committee or to the Bar(s) where that attorney is admitted. The appropriate sanction is then left to that disciplinary body. Here, Mr. Kenner will still face discipline from the California Bar and potentially from other disciplinary bodies, but he will also have a federal criminal conviction. This conviction along with potential professional consequences is more than sufficient punishment for Mr. Kenner at this stage of his life. There is no benefit to the community, to the Court, or to Mr. Kenner by imposing conditions of supervision in light of his retirement from the legal practice. He does not require the services or support of a probation officer and there is no need to protect the public from further crimes. Furthermore, the prospect of a criminal conviction for an officer of the court, even without supervised probation, provides more than adequate deterrence to other attorneys who might consider violating a protective order. *See* 18 U.S.C. § 3562(a) (In determining the length and conditions of probation, the court "shall consider the factors set forth in § 3553(a) to the extent that they are applicable.")

The government has previously submitted to the Court other cases where a defendant convicted of contempt was sentenced to unsupervised probation, or to a fine without probation, and both the government and the defense request that this Court, in line with that precedent, accept the plea agreement and sentence Mr. Kenner to unsupervised probation. *See, e.g.*, *United States v. Juror No. One*, 866 F. Supp. 2d 442, 443 (E.D. Pa. 2011) (defendant convicted of criminal contempt sentenced to a fine, without incarceration or probation); *In re Pollack*, No. 07-MC-347 (ARR), 2008 WL 4327000, (E.D.N.Y. Sept. 22, 2008) *and* Dkt. 40 (experienced attorney convicted of criminal contempt and sentenced to unsupervised probation).

For these reasons, Mr. Kenner requests that the Court accept the Fed. R. Crim. P. 11(c)(1)(C) plea agreement and sentence Mr. Kenner accordingly.

Dated:  January 25, 2024                    Respectfully submitted,

By:     /s/ *L. Barrett Boss*
L. Barrett Boss (Bar No. 398100)
Samantha Rubin Stratford (Bar no. 242317)
COZEN O'CONNOR
1200 19th St., NW, Suite 300
Washington, D.C. 20036
Telephone: (202) 912-4818
Facsimile: (866) 413-0172
bboss@cozen.com
sstratford@cozen.com
*Attorneys for David Kenner*